**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:25-CR-307 |
| | ) | |
| MUNEEB AKHTER | ) | The Honorable Rossie D. Alston |
| a/k/a MICKEY AKHTER | ) | |
| a/k/a MUNIB AKHTER | ) | Government's Motion to Continue Trial |
| | ) | |
| and | ) | |
| | ) | |
| SOHAIB AKHTER | ) | |
| a/k/a SUHAIB AKHTER, | ) | |
| | ) | |
| Defendants. | | |

**GOVERNMENT'S MOTION TO CONTINUE TRIAL, EXCLUDE TIME UNDER THE
SPEEDY TRIAL ACT, AND DESIGNATE CASE AS COMPLEX**

The United States of America, by and through its undersigned counsel, respectfully

moves this Court to continue trial in this matter and designate this case as complex pursuant to

18 U.S.C. § 3161(h)(7)(ii) and allow for adequate preparation of counsel pursuant to 18 U.S.C.

§ 3161(h)(7)(iv). As discussed below, the ends of justice served by continuing trial significantly

outweigh the interests of Defendants and the public in a speedy trial. The Government requests

this Court continue the trial and exclude time under the Speedy Trial Act, so that all counsel can

adequately review voluminous discovery and effectively prepare for trial. Based on defense

counsel's availability, the Government requests a trial date in May 2026.

**BACKGROUND**

1.      In 2015, Defendant Muneeb Akhter was convicted of multiple felonies in this

district, including wire fraud conspiracy, conspiracy to access a government computer without

1

authorization, substantive computer fraud, false statements, and obstruction of the due administration of justice. *See* Case No. 1:15-CR-124-TSE, Dkt. No. 47.

2. Defendant Sohaib Akhter, Muneeb Akhter's twin brother, was also charged and convicted in Case No. 1:15-CR-124-TSE. Defendant Sohaib Akhter was convicted of wire fraud conspiracy, conspiracy to access a protected computer without authorization, and conspiracy to access a government computer without authorization. *See* Case No. 1:15-CR-124-TSE, Dkt. No. 50.

3. On November 13, 2025, a Grand Jury sitting in Alexandria returned a seven-count indictment, alleging that the Defendants agreed to destroy government records and to cause intentional damage to protected computers without authorization. *See* Case No. 25-CR-307, Dkt. No. 1. The indictment alleges that Defendants, previously employed by Company-1, a federal government contractor, conspired to delete approximately 96 databases housing sensitive information from various U.S. government agencies, and subsequently attempted to conceal their crimes. Defendant Muneeb Akhter faces two counts of substantive computer fraud, one count of theft of government records, and count of aggravated identity theft, in relation to his employment at Company-1; Muneeb Akhter faces another count of aggravated identity theft in relation to Victim-2 and Muneeb Akhter's employment at a different federal contractor in 2022 and early 2023; and Defendant Sohaib Akhter faces a charge of computer fraud related to trafficking passwords that affected interstate and foreign commerce and could be used to access a computer used by and for the United States.

4. Federal agents executed arrest warrants for both defendants on December 3, 2025. On December 5, 2025, U.S. Magistrate Judge William E. Fitzpatrick held a detention hearing and ordered Defendants detained pending trial. *See* Dkt. Nos. 18, 19.

5.      Federal agents also executed search warrants on December 3, 2025. As a result of the search warrants, investigators obtained multiple hard drives, laptops, and phones. An initial review of these devices provided evidence of additional criminal activity, including the following information:

    a.  A Toshiba hard drive obtained from the Defendants' residence in Alexandria, appearing to contain information from Company-1 and its U.S. government clients, including the Internal Revenue Service, the Equal Employment Opportunity Commission, and the Department of Homeland Security ("DHS").

    b.  A second Toshiba hard drive obtained from the Defendants' residence in Alexandria, appearing to contain information from Company-2, another U.S. government contractor, and referencing its U.S. government clients, including the Department of Health and Human Services and DHS.

    c.  An Avolusion hard drive with 12 terabytes of storage capacity, obtained from the Defendants' residence in Alexandria and appearing to contain information from Company-1's proprietary products and referencing its U.S. government clients, including the Department of Housing and Urban Development.

    d.  A laptop shipping box indicating that Muneeb Akhter received a laptop from Company-2. Company-2 confirmed that it hired Muneeb Akhter on or about September 3, 2025. According to information obtained from DHS, Muneeb Akhter submitted a security form related to this employment on or about September 9, 2025. On that form, he stated that he had not "been imprisoned, been on probation, or been on parole" during the last seven years. In Case No. 1:15-CR-124, Muneeb Akhter in fact had his supervised release revoked and

was sentenced to four additional months in prison on January 4, 2019. *See* Case No. 1:15-CR-124, Dkt. No. 210.[1]

e. An iPhone belonging to Defendant Sohaib Akhter, a convicted felon, that appears to contain evidence that Sohaib Akhter possessed several firearms in or around March 2025.

6.      Since December 5, 2025, the United States has continued to investigate Defendants' crimes, including by analyzing newly seized electronic evidence, interviewing new witnesses identified as a result of electronic evidence seized on December 3, and expanding the scope of its investigation. The Government also met with counsel for both defendants.

7.      On or about December 15, 2025, Company-1 confirmed that approximately 5,384 credentials seized from one of the Toshiba hard drives found at the Defendants' residence were valid credentials that could be used to access a Company-1-hosted U.S. government application. The next day, Company-1 identified malicious code in the application. Analysis is ongoing, but the initial review indicated that malicious code was added to capture passwords users entered while signing into the application before the passwords were encrypted.[2] Company-1 continued to conduct analysis and remove malicious code over the next several days.

---

[1] Notably, Muneeb Akhter pleaded guilty to Count 10 in the 2015 case, and agreed in the Statement of Facts that he willfully and knowingly made a materially false, fictitious, and fraudulent statement "by answering several questions falsely on a Questionnaire for National Security Positions . . . administered by the U.S. Office of Personnel Management." Case No. 1:15-CR-124, Statement of Facts, Dkt. No. 49 at 16-17. The form Muneeb Akhter submitted to DHS in September 2025 was also an Office of Personnel Management form to assess fitness for federal employment.

[2] Once again, this behavior would reflect conduct nearly identical to that for which Muneeb Akhter pleaded guilty in the 2015 case. *See* Case No. 1:15-CR-124, Statement of Facts, Dkt. No. 49 at 5-6 ("MUNEEB AKHTER installed a second computer code on Victim Company 1's website. The second code was more difficult to detect than the first code and did not cause obvious technical problems. The new code caused Victim Company 1's website to email the identity theft victims' information to [an email address controlled by Muneeb Akhter].").

8.    In addition to newly discovered stolen information and malicious code, the United States continues to investigate potential ongoing criminal activity by both Defendants, including obstruction of justice and additional computer crime.

9.    On December 22, 2025, officials at the Alexandria Detention Center ("ADC") discovered both Defendants "were working with others on the outside to circumvent security controls and restrictions of [the detention center's] Smart Communications inmate tablet system." An official at the ADC notified the U.S. Attorney's Office the same day.

10.    Since the ADC official notified the U.S. Attorney's Office on December 22, 2025, the Government obtained additional evidence, including the following:

    a.    Investigators obtained information that preliminarily indicates that Defendant Sohaib Akhter may have instructed Subject 1 on how to characterize their past actions involving firearms. Investigators also obtained information that preliminarily indicates that Defendant Sohaib Akhter worked with Subject 1 to circumvent ADC security systems so that Subject 1 could provide unauthorized information to Sohaib Akhter.

    b.    Investigators obtained information that preliminarily indicates that Defendant Muneeb Akhter instructed Subject 2 to access one of his online cloud accounts, also apparently with the goal of circumventing ADC security systems so that Subject 2 could provide unauthorized information to Muneeb Akhter.

11.    Pretrial motions in this matter are currently due today, Monday, December 29, 2025. Trial is currently scheduled for February 2, 2026.

**LEGAL STANDARD**

12. Courts have discretion to continue trials and exclude time from speedy trial calculations where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(7)(A).

13. Courts must consider the following four factors when determining whether to grant a continuance:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(7)(B).

14. District courts have discretion to grant an exclusion of time under 18 U.S.C. § 3161(7) when a case either presents complex or unusual issues, or when another issue requires additional time for effective preparation. *See United States v. Olajide*, 978 F.2d 1257 (4th Cir. 1992), *as amended* (Nov. 17, 1992) (no abuse of discretion for excluding time under the "ends of justice" exception where district court found the case was "not a particularly unusual or complex one" but involved some international aspects; district court found need for additional time for effective preparation of counsel was "clearly presented").

6

15.     "[W]hether the failure to grant a continuance 'would deny counsel for the defendant . . . the reasonable time necessary for effective preparation' is a factor the court 'shall consider' in making an ends-of-justice determination." *United States v. Pair*, 84 F.4th 577, 586 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2589 (2024) (quoting 18 U.S.C. § 3161(h)(7)(B)(iv)). District courts must set forth their reasons for granting these continuances in the record. *Id.* at 583.

## ARGUMENT

16.     This Court should continue the trial currently set for February 2, 2026, to a date in May 2026, and exclude time under the Speedy Trial Act because of the voluminous, complex evidence in this matter, in addition to the fact that both Defendants continue to obstruct the Government's ongoing investigation and commit or attempt to commit additional crimes.

17.     First, this matter relates to a conspiracy between the Defendants to damage computers and destroy records in federal investigations or matters. Both Defendants possess technical skills and substantial technical experience working on information technology systems. All parties are likely to require experts to analyze and testify to technical evidence, such as (1) evidence related to Microsoft SQL Server databases (and logs of database activity, which Defendants conspired to delete and/or alter), (2) Endpoint Detection and Response ("EDR") logs, (3) analyses of Company-1 computers, which were returned to Company-1 after the operating systems were uninstalled and reinstalled, likely in an attempt to hinder the investigation, and (4) analysis of large amounts of stolen, sensitive U.S. government information and personally identifiable information.

18.     In addition, the evidence is voluminous. The evidence consists of terabytes of stolen data, logs, video evidence, and evidence seized from numerous hard drives, computers, phones,

and other items seized during the execution of four residential search warrants in three different jurisdictions.

19.    The Defendants' ongoing efforts to thwart the Government's investigation are also creating additional discovery that must be analyzed, processed, and produced to defense counsel. The recent involvement of Subject 1 and Subject 2 creates additional complexity, which will require additional time for counsel for Defendants and attorneys for the Government to effectively prepare for pretrial proceedings and trial. *Cf. United States v. Gordillo-Escandon*, 832 F. App'x 158, 162 (4th Cir. 2020), *as amended* (Oct. 19, 2020) (finding "[t]here can be no doubt that the substantive requirements of section 3161(h)(7)(B) were satisfied" in a drug conspiracy in which the prosecution "requested the delay so that (1) the defendant could speak with law enforcement, (2) the government could prepare for trial, and (3) the government could evaluate the defendant's statements").

20.    The request for a continuance is not due to the lack of diligent preparation on the part of the Government. *See* 18 U.S.C. § 3161(h)(8)(C). Law enforcement agents from multiple agencies and attorneys for the Government have worked diligently since the new information from the searches, Company-1, other witnesses, and the Alexandria Detention Center came to light. The Government has continued to investigate and expects additional charges to be forthcoming.

21.    Finally, granting a continuance is decidedly in the interests of justice. The requested continuance will ensure that defense counsel can adequately prepare for a trial with a significant amount of technical evidence and expert testimony, substantially outweighing any interest of the Defendants or the public in a speedy trial. Given the extent of the new evidence obtained by the Government in the 26 days since Defendants' initial appearances, and the fact that additional

8

charges are likely, the Court can also conserve judicial resources and conduct a single trial, instead of multiple trials all relating to similar conduct with common evidence and witnesses.

22.     Counsel for Muneeb Akhter notified the Government that he does not oppose the requested continuance, and that his next availability for a trial is in May 2026. Counsel for Sohaib Akhter has not provided a position on this motion.

## CONCLUSION

23.     For the foregoing reasons, the United States respectfully requests that this Court

continues trial in this matter to a date in May 2026 and excludes time under the Speedy Trial Act

pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

Date: <u>December 29, 2025</u>

Lindsey Halligan
United States Attorney and Special Attorney

Todd W. Blanche
Deputy Attorney General

Robert K. McBride
First Assistant United States Attorney

By:  /s/  *Vanessa Strobbe*
Vanessa Strobbe
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandra, Virginia 22314
(703) 299-3708
Vanessa.strobbe@usdoj.gov

By:  /s/  *George Brown*
George Brown
Stefanie A. Schwartz
Trial Attorneys
U.S. Department of Justice, Criminal Division
Computer Crime and Intellectual Property Section
1301 New York Ave NW, Suite 600
Washington, DC 20530
Phone: (202) 514-3597
Email: george.brown@usdoj.gov