**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:25-CR-307 |
| MUNEEB AKHTER<br>a/k/a MICKEY AKHTER<br>a/k/a MUNIB AKHTER<br>      (Counts 1-6 and 9-12) | |
| Defendant. | |

**GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION
UNDER 18 U.S.C. § 3771(d)(2)**

The United States of America, by and through its undersigned counsel, hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b), and (c), because the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a).

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights

1

described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

### Muneeb Akhter's Wire Fraud Scheme Harmed a Large Number of Victims

The Superseding Indictment, Dkt. No. 41, charges defendant Muneeb Akhter with wire fraud. According to the Superseding Indictment, Muneeb Akhter stole

> valid usernames and passwords for the EEOC Public Portal, a web application developed and maintained by Company-1; (2) fraudulently use[d] these stolen credentials without authorization to attempt to access and access email and other online accounts of victims using the stolen credentials (i.e., accounts that used the same password for web applications other than the EEOC Public Portal); (3) unlawfully use[d] information obtained from the victims' various online accounts for [his] own personal benefit; and (4) conceal[ed] the scheme.

*Id.* ¶ 45. Muneeb Akhter allegedly "transferred approximately 5,400 usernames (email addresses) and passwords" to computers he controlled. *Id.* ¶ 47. The file containing these credentials also included victims' first and names, some middle initials, street addresses, and phone numbers. Notably, for the purposes of this motion, Muneeb Akhter also stole and possessed, at the time of

his arrest on December 3, 2025, a larger file containing approximately 1.2 million email addresses, victims' first and names, some middle initials, street addresses, phone numbers, and password hashes.[1]

Additionally, Count Four of the Superseding Indictment alleges that Muneeb Akhter stole, purloined, and converted the personally identifiable information of "at least 450 individuals." *Id.* ¶ 33. This included full names and Social Security numbers. Overall, Muneeb Akhter's theft of personally identifiable information from Company-1 has resulted in approximately 1.2 million victims.[2]

### The Court Should Approve the Government's Alternative Victim Notification Plan

The United States is committed to providing victims with every reasonable opportunity to express their views to the Court. It is vitally important to the integrity of the prosecution process that victims know that their losses and the impact of the offense conduct are fairly considered by the Court in reaching a just resolution and a fair sentencing in this case. But the number of victims make compliance with the notification requirements outlined in section 3771(a), (b), and (c) impracticable. Neither the government nor the Court has the resources to accord all of the victims in this case the notice required by subsection 3771(a). Therefore, due to the large number of victims in this case, the Government intends to use the Justice Department's website for large cases, justice.gov/largecases, to direct victims to a case-specific website where all required notices will be posted. The website will also provide potential victims with information about

---

[1] A password hash is an alphanumeric string of characters output by a cryptographic hash function when a password is provided as the input. An attacker cannot use a password hash to compromise an account, but there are open-source tools available that attackers can use to attempt to crack password hashes; when cracking is successful, attackers obtain plaintext passwords, which may be able to be used to compromise accounts.

[2] The government has already made efforts to contact many victims affected by Muneeb Akhter's crimes, including Victim-1, Victim-3, Victim-4, and Victim-5.

providing a victim impact statement to relay information about how they were victimized, thereby putting the United States in a better position to communicate directly and individually with potential victims.

Courts have approved similar requests and there are currently approximately 169 cases on the Justice Department's large case website. *See, e.g.*, *United States v. Max Joseph Chilson et al.*, Case No. 3:15-CR-065-L, Dkt. 16 (N.D. Tex. 2015) (granting motion to permit victim notification via Justice Department's large case website in prosecution involving over 80,000 victims of mail fraud, wire fraud, bank fraud, and telemarketing fraud); *United States v. Braga*, CR22-169 TL, Dkt. 34 (W.D. Wash. April 2, 2025) (granting motion to permit victim notification via Justice Department's large case website in prosecution of Ponzi scheme in which thousands of investors lost money).

## CONCLUSION

Based on the foregoing, the government requests the Court grant the motion for alternative victim notification procedures.

Respectfully submitted,

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL


    /s/   *Vanessa Strobbe*
Vanessa Strobbe
Assistant United States Attorney


    /s/   *George Brown*
George Brown
Stefanie A. Schwartz
Trial Attorneys
U.S. Department of Justice
Criminal Division
Computer Crime and Intellectual Property Section
1301 New York Ave NW, Suite 600
Washington, DC 20530
Phone: (202) 514-3597
Email: george.brown@usdoj.gov