**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | Case No.: 1:25-CR-307 |
| | : | |
| MUNEEB AKHTER | : | Hon. Rossie D. Alston, Jr. |
| | : | |

## MOTION TO DISMISS COUNT SIX OF THE SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE

Muneeb Akhter, by undersigned counsel, respectfully moves this Honorable Court pursuant to Federal Rule of Criminal Procedure 12(b)(1) to dismiss Count Six of the Superseding Indictment for failure to state an offense.[1] Count Six charges aggravated identity theft under 18 U.S.C. § 1028A(a)(1), alleging that, on or about August 15, 2022, Mr. Akhter knowingly possessed and used, without lawful authority, the means of identification of Victim-2 (including Victim-2's name, date of birth, Social Security number, and passport) during and in relation to misuse of a passport as criminalized under 18 U.S.C. § 1544. Count Six is defective because the alleged conduct is not meaningfully distinct from the predicate offense itself. The Government alleges that Mr. Akther committed aggravated identity theft by misusing a passport, not misusing the passport in furtherance of some other criminal offense that would constitute a predicate offense to 18 U.S.C. § 1028A. As such, Count Six of the Superseding Indictment must be dismissed for the Government's failure to state an offense under 18 U.S.C. § 1028A.

---

[1] If the Court decides not to dismiss Count Six, Mr. Akhter would move to sever the count as it is unconnected from any other conduct at issue in the case.

I.    **ARGUMENT SUMMARY**

Count Six fails to state an offense under 18 U.S.C. § 1028A(a)(1) for three independent reasons. First, the indictment does not adequately allege the essential during and in relation to element because the alleged identity misuse is not distinct from the predicate offense. The Supreme Court has held that § 1028A applies when the defendant's misuse of another person's means of identification is at the crux of what makes the conduct criminal—when the identity is used in a fraudulent or deceptive manner. *Dubin v. United States*, 599 U.S. 110 (2023). Here, the passport is not used to facilitate a separate crime; it is the direct object of the predicate offense itself.

Second, the government's charging theory would render the during and in relation to requirement superfluous. If every use of another person's passport automatically satisfies § 1028A's nexus requirement, then this statutory language becomes meaningless. Courts must construe statutes to give effect to every provision and avoid interpretations that render statutory language superfluous. *Lara-Aguilar v. Sessions*, 889 F.3d 134, 143 (4th Cir. 2018) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004).

Third, the Superseding Indictment alleges no facts showing that Victim-2's identity information was used as an instrumentality to accomplish any objective beyond the passport misuse itself. The identity use alleged is identity-as-object, not identity-as-instrumentality. Because the conduct alleged is exhausted by the predicate § 1544 offense, Count Six fails to allege a distinct aggravated identity theft offense and must be dismissed.

II.    **LEGAL STANDARD UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(3)(B)**

An indictment must be a "plain, consider, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The indictment must provide the

defendant with enough information so that they can prepare their defense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]]". The indictment must also protect against double jeopardy, in that it must be specific enough to enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Resendiz-Ponce*, 549 U.S. at 108 (citing *Hamling*, 418 U.S. at 117).

Motions alleging deficiencies in an indictment "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(1) and 12(b)(3)(B)(v). In challenging the sufficiency of an indictment, a defendant must "demonstrate that the allegations therein, even if true, would not state an offense." *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004) (citing *United States v. Hooker*, 841 F.2d 1225, 1227-28 (4th Cir. 1988) (overruled on other grounds)). Under the Fifth and Sixth Amendments, the sufficiency of an indictment is assessed on two criteria. First, whether an indictment contains the elements of the offense intended to be charged, and second, whether in the case any other proceedings are taken against him for a similar offense, whether the record shows accurately to what extent he could plead double jeopardy. *Russell v. United States*, 369 749, 763-64 (1962).

### III.    ARGUMENT

#### A.  Count Six Fails to Allege That the Means of Identification Was Used in a Manner Distinct from the Predicate Offense

A conviction for aggravated identity theft under 18 U.S.C. § 1028A(a)(1) requires proof of four elements: (1) the defendant knowingly transferred, possessed, or used; (2) without lawful authority; (3) a means of identification of another person; and (4) during and in relation to a

predicate felony offense. *United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010) (enumerating elements under 18 U.S.C. § 1028A). The statute defines means of identification as any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, or government passport number. 18 USCS § 1028(d)(7).

The fourth element—that the identity use occur during and in relation to a predicate felony—requires more than mere temporal coincidence; it requires that the defendant have used the means of identification of another to commit one of the predicate offenses. *Cf. Dubin v. United States*, 599 U.S. 110, 115-16 (2023) (citing cases across federal appellate courts in which the government's interpretation of 18 U.S.C. § 1028A was determined to be overbroad). Under *Dubin*, § 1028A is violated when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature. 599 U.S. at 115. Identity theft is committed when a defendant uses the means of identification itself to defraud or deceive. *Id*. The Fourth Circuit has similarly recognized that identity theft offenses occur when the defendant's misuse of another person's means of identification is at the crux of what makes the conduct criminal—when the means of identification is used in a manner that is fraudulent or deceptive. *United States v. Jackson*, 126 F.4th 847, 866-67 (4th Cir. 2025).

"Section 1028A does not criminalize every unauthorized use of a means of identification; rather, it prohibits such use 'during and in relation to' the statute's enumerated felonies." *United States v. Sanders*, 655 F. Supp. 3d 366, 370-71 (D.Md. 2023). A "defendant's 'use' of a means of identification must *facilitate* the underlying offense—a mere incidental association between the two is not enough." *Id*. "[T]he language 'during and in relation to' connotes causation [which

asks] whether the defendant used the means of identification to further or facilitate . . . the fraud." *United States v. Munksgard*, 913 F.3d 1327, 1334-35 (11th Cir. 2019).

Count Six fails to satisfy this requirement because the means of identification alleged—Victim-2's passport and identifying information—is the very object of the predicate § 1544 offense. One cannot willfully and knowingly use another person's passport without simultaneously possessing and using that passport and the identifying information embedded within it. The identity use alleged in Count Six is therefore inherent in and coextensive with the passport misuse itself. They are not separate acts but rather different legal characterizations of the same conduct.

The Superseding Indictment alleges no facts showing that Victim-2's identity information was used to facilitate any conduct separate from the passport misuse itself. Mr. Akhter is not charged with using Victim-2's name, date of birth, or Social Security number to accomplish any objective beyond using the passport.[2] There is no allegation that Mr. Akhter used the identity information to open fraudulent accounts, obtain credit, evade detection, or commit any other separate crime. The identity use alleged is not identity-as-instrumentality but identity-as-object—the very thing that constitutes the predicate offense.

Because the allegations collapse the "during and in relation to" nexus element into the predicate offense itself, Count Six fails to allege a distinct aggravated identity theft offense. The conduct charged is exhausted by the predicate § 1544 offense; there is no separate identity theft conduct to prosecute.

---

[2] From counsel's conversations with attorneys for the government, the theory appears to be that Mr. Akhter, in 2022, worked at another company under the name of a different individual, but the Superseding Indictment alleges no predicate offense for that conduct, nor would the conduct satisfy the list of enumerated offenses under 18 U.S.C. § 1028A. Mr. Akhter is not alleged to have committed any fraudulent acts in his employment with that previous employer.

### B.  The Government's Charging Theory Would Render the During and in Relation to Requirement Superfluous

Courts have an interpretive duty to give effect, whenever possible, to a statute's every clause and word. *Lara-Aguilar v. Sessions*, 889 F.3d 134, 141 (4th Cir. 2018). A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant. *Id.*

The phrase "during and in relation to" in § 1028A(a)(1) is not mere surplusage; it is a limiting principle that distinguishes § 1028A from a categorical sentencing enhancement that would add a two-year mandatory minimum sentence to commission of any of the predicate offenses. If the government's theory is correct—that § 1028A can be triggered whenever the predicate offense inherently involves using another person's identity document—then the "during and in relation to" language does no meaningful work in cases involving identity documents that are themselves the subject of the predicate offense.

Under the government's charging theory, every prosecution under 18 U.S.C. § 1544 involving another person's passport would automatically support a § 1028A count based solely on the same passport. This would convert § 1028A from a separate offense requiring additional identity misuse into a categorical sentencing add-on for § 1544 prosecutions. Such a result is inconsistent with the statute's structure and limiting language.

Section 1028A imposes a mandatory minimum sentence of two years imprisonment in addition to the punishment for the predicate felony. *See*, e.g., *Abdelshafi*, 592 F.3d 602. The statute's structure—requiring both a predicate felony and a separate identity misuse offense occurring in temporal and causal connection with that predicate—reflects Congress's intent to address situations where identity misuse plays a functional role in facilitating or furthering the underlying crime. If the identity misuse is merely the same conduct that constitutes the predicate

felony, then § 1028A becomes redundant. This renders the "during and in relation to" nexus requirement meaningless in this category of cases, violating the cardinal principle that courts must give effect to every provision and word in a statute. *Mejia v. Sessions*, 866 F.3d 573, 584 (4th Cir. 2017) (in interpreting statutes, the court's goal is to "fit, if possible, all parts into a harmonious hole) (internal citations and quotations omitted). The statute's text and structure contemplate that identity misuse must be something more than the predicate offense itself. Courts must avoid construing statutes in a way that renders words meaningless. *Speaks v. U.S. Tobacco Coop., Inc.*, 31 F.4th 838, 842-43 (4th Cir. 2022).

### C.  The Indictment Fails to Allege Sufficient Facts to Constitute a Distinct Offense

It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014). However, any general description based on the statutory language must be accompanied by such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged. *Id*. Thus, the indictment must also contain a statement of the essential facts constituting the offense charged. *Id*.

Count Six alleges all technical elements of aggravated identity theft: (1) knowing transfer, possession, or use; (2) without lawful authority; (3) of a means of identification of another person; and (4) during and in relation to a predicate felony. However, the substance of the allegation—that Mr. Akhter possessed and used Victim-2's passport and identifying information in connection with misusing that passport—does not allege conduct distinct from the predicate offense. Because Count Six alleges no distinct identity misuse—no separate fraudulent or deceptive use of the passport beyond the passport misuse that forms the basis of the predicate

charge—it fails to allege a distinct offense. The indictment's failure to allege any identity misuse beyond the passport misuse itself renders Count Six deficient at the pleading stage.

## V. CONCLUSION

For the foregoing reasons, Muneeb Akhter respectfully requests that this Court grant his Motion to Dismiss Count Six of the Superseding Indictment.

Respectfully submitted,

Muneeb Akhter, *by counsel*

/s/ Daniel H. Goldman
Daniel H. Goldman, VSB No. 82144
The Law Office of Daniel Goldman
421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709 – Phone
dan@dangoldmanlaw.com


Joni Robin, VSB No. 44502
The Law Office of Daniel Goldman
421 King Street, Suite 505
Alexandria, Virginia 22314
(703) 349-1111
Joni@jonirobinlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2026, I will electronically file the foregoing Motion with the Clerk of Court using the CM/ECF system, which will provide service to all parties.

/s/ Daniel H. Goldman
Daniel H. Goldman, VSB # 82144