FILED
MAILROOM

APR 27 2026

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

See U.S. v. Beamon (2018 U.S. Dist LEXIS 183677, 183534)
E.D.VA
2:18-cr-00020-MSD-RJK

1:25-CR-307-RDA-1

Dear Judge Alston,

God guide my words. I am uncomfortable with my plea and the pace with which the government expected it signed during pretrial motion deadlines limiting my ability to challenge the evidence against me. They know the statement of facts were altered and accessing a DocuSign account did not constitute a wirefraud charge. I stand with my brother in his innocence. The plea process served a purpose of severing our cases and removing prejudice between cohabiting twins and unassigned guilt. The government is also investigating the company we were employed at, and evidence presented in a proffer demonstrated an extensive redesign in their network map to cover up their culpability. It is disingenuous to keep our criminal proceedings going while a review of the company's flagrant disregard in responding to the incident caused damage to their government clients. To not dismiss or defer our prosecution, and push us to immediate pleas is a bullying tactic since we remain incarcerated with limited defense resources. The pleas were not standard agreements and I reject the attribution of enhancements listed or the usability of a deficient statement never reviewed or amended for accuracy as was done in my prior case under Judge Ellis.

Please construe this letter as needed, and uphold justice.

Enhancement objections

§3C1.1 - obstruction/impeding justice → U.S. v. Bagwell 30 F.3d 1454 (11TH Cir. 1994)  Conduct must occur during investigation not before

§2B1.1(b)(19)(A)(ii) - critical infrastructure enhancement → U.S. v. Brown (5TH Cir 2018)
884 F.3d 281 = Target was not 'critical infrastructure' or other covered category

§2B1.1(b)(2)(A) - 10+ victims → 2B1.1 cmt. n.1  victims must have suffered actual loss, only victim is company, government does not clarify victim count in statement of facts

§2B1.1(b)(10) -   Sophisticated Means → 2B1.1 cmt. n.9.  no especially complex or intricate conduct was required

Relocation of Scheme → The move to Texas was for Ramadan vacation with parents and Utah for inlaws where employment was found during summer break.

§2B1.1(b)(18)(A) - Intent to obtain personal information → 1030(a)(2) falls under Van Buren v. U.S (593 U.S 374) where downstream misuse doesn't qualify as exceeding authorized access.

Respectfully Submitted,

Muneeb Akhter, Pro-se

Muneeb Akhter  4/24/26

MAR 27 2026